UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BIONIX DEVELOPMENT CORPORATION,** | : | Case no. 3:05CV7387 |
| | : | |
| Plaintiff, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **VETERAN MEDICAL PRODUCTS, INC.,** | : | |
| *et. al.*, | : | **MEMORANDUM AND OPINION** |
| | : | |
| Defendants. | : | |

Before the Court is Defendants' *Motion to Transfer or, in the Alternative, to Dismiss* (Doc. 10) ("Motion to Transfer") filed by Defendants Veteran Medical Products, Inc., Tillman Industries, Inc., Joseph Szyperski, Patrick Eddy, John Kotwick, Mark Longcore, and Ryan Heidenfeld (collectively, "Defendants"). Defendants ask this Court to dismiss a Complaint (Doc. 1) filed in this Court by Plaintiff Bionix Development Corporation ("Bionix") on October 4, 2005. Bionix has filed a brief in opposition (Doc. 13), and Defendants have filed a brief in reply (Doc. 14). For the reasons articulated below, the Court **DENIES** Defendants' motion and **STAYS** proceedings in this matter pending adjudication of a similar motion by Bionix in concurrent proceedings in the U.S. District Court for the Western District of Michigan.

**I. BACKGROUND**

According to the Complaint, Bionix, an Ohio Company, is the holder of United States Design Patent No. 423,669 ("the '669 patent") for disposable ear curettes for aural examination. Bionix claims that the Defendant companies, both Michigan companies, have misappropriated Bionix's trade

secrets and have willfully infringed the '669 patent. Defendants claim that Bionix contacted them several times during September 2005 alleging that Defendants' ear curettes were infringing Bionix's patent and threatening to file a federal lawsuit against Defendants. Defendants responded by filing a declaratory judgment action in the U.S. District Court for the Western District of Michigan on September 23, 2005. On October 4, 2005, Bionix filed its Complaint in this Court seeking injunctive relief and damages.

On October 26, 2005, Defendants filed this Motion to Transfer, arguing that this Court should transfer this case to Michigan where it can be consolidated with the case there, or, in the alternative, dismiss this case. They argue that the Western District of Michigan is the appropriate court to hear this dispute and make several arguments in favor of a transfer, including that it would be convenient for all parties and would avoid duplicate litigation. In response, Bionix argues that Defendants filed their declaratory judgment action in Michigan "in an attempt to forum shop and circumvent the proper rules of procedure." (Doc. 13, p. 1). Bionix reports that it has filed a motion to dismiss Defendants' declaratory judgment action in the Michigan case, arguing that the Michigan court does not have subject matter jurisdiction, or, if it does, that it should decline to exercise its jurisdiction in favor of this Court. Bionix requests that this Court stay proceedings in this matter until the Michigan court determines whether it has jurisdiction, and, if so, whether it should decline to exercise that jurisdiction.

## II. ANALYSIS

The first-to-file rule provides that "when identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment." *Plating Resources, Inc. v. UTI*

*Corp.*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999) (quoting *In Re Burley*, 738 F.2d 981, 988 (9th Cir.1984)). The rule is generally invoked where two suits that involve "substantially the same parties and purpose" are filed in concurrent jurisdictions. *Id.* at 903. "However, the same party and same issue is not an absolute requirement." *Id*. In the instant case, the action filed in this Court and the action filed in the Western District of Michigan are based upon the same general set of facts, and include the same parties with the exception of Dr. Andrew Milligan, President and Chief Executive Officer of Bionix, who is listed as a defendant in the Michigan action. Although Defendants correctly assert that the Michigan case includes some additional causes of action[1] and Dr. Milligan as an additional party, they do not appear to argue against the consolidation of these cases. Both parties discuss the first-to-file rule in their filings and seemingly agree that a single court should hear and decide this controversy, they simply dispute which court is the most appropriate to do so, and which principles should be applied in making that determination.

Bionix cites this Court to *Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041 (N.D. Ohio 2001)(Carr., J.), where Daimler-Chrysler Corporation filed suit for trademark infringement and other claims against General Motors Corporation and AM General Corporation ("AMG") in this Court shortly after General Motors and AMG had filed a declaratory judgement action in the U.S. District Court for the Northern District of Indiana. General Motors and AMG filed a motion to dismiss the case filed in Ohio, based upon the first-to-file rule. In that case, Chief Judge James G. Carr asked the parties to file supplemental briefs directed to the narrow question of which

---

[1] The additional causes of action in the declaratory judgement action filed in Michigan are a federal unfair competition claim, a claim of unfair competition under Michigan common law, and a claim of tortious interference with business relationships. These causes of action arise from the same general set of facts alleged in this action.

court should decide the appropriate forum for the controversy. Although all parties were in agreement that the Ohio court should rule on the motion to dismiss, Judge Carr nonetheless held that "the most appropriate approach is for the court where a complaint is first filed to determine which case should go forward," *id.* at 1042, which, in that case, was the Northern District of Indiana. He based this determination on various prior holdings throughout the country where courts determined that the first court to obtain jurisdiction should decide whether to retain the case or allow it to proceed in the alternative forum. *Id.* at 1042. Judge Carr listed several reasons for his holding, including: 1) the benefit of establishing a bright-line rule that is easy to apply, 2) an effort to discourage forum shopping, and 3) the principle of judicial comity – stating "[a]s a matter of comity among equals, the second judge to get a case should accede to the decision of the court of first-filing, rather than vice-versa." *Id.* at 1044. He then recommended that Daimler-Chrysler file a motion to dismiss or transfer with the Indiana court so that court could determine where the case should be heard, and he stayed proceedings pending the adjudication of that motion. *Id.* at 1044-1045.

Defendants do not set forth any convincing reason why this Court should not apply the reasoning of *Daimler-Chrysler* to the present matter. Defendants argue that *Daimler-Chrysler* is distinguishable because, in that case, the actions did not differ in any substantive way, where here the case filed in Michigan includes the additional causes of action noted above. Although those additional causes of action may lend support to Defendants' position that the controversy should be addressed in Michigan, this distinction is not sufficient to remove this case from the realm of the *Daimler-Chrysler* rule. The cases still involve the same parties (with the exception of one defendant over whom Bionix argues the Michigan court lacks personal jurisdiction) and substantially the same issues (both include patent infringement and trade secret misappropriation claims).

Defendants' other arguments also focus on reasons why the case should be heard in Michigan rather than Ohio and why this Court should implement the first-to-file rule by transferring the case to Michigan. They do not, however, provide any justification for this Court to make that determination rather than defer to the judgment of its sister court in Michigan. Defendants' arguments are more appropriately presented to the Michigan court for its consideration, and, indeed, already have been presented there in the opposition to Bionix's motion to dismiss in that court.

This Court finds that the approach of the court in *Daimler-Chrysler* is appropriate here for all the reasons set forth by Judge Carr. Bionix filed a motion to dismiss with the U.S. District Court for the Western District of Michigan on November 3, 2005, so the question of which court is the appropriate forum to hear this controversy has already been presented to that court. Further, that court has recognized the existence of the principle of allowing the first-filed court to make this decision in *Versus Technology, Inc. v. Hillenbrand Industries, Inc.*, No. 1:04-CV-168, 2004 WL 3457629, at *6 (W.D. Mich. Nov. 23, 2004), although the court there felt the circumstances warranted a departure from this principle. This Court is not aware of any factors here that warrant a similar departure, and therefore will reserve judgment in this matter.[2]

## III. CONCLUSION

For the reasons articulated above, Defendants' motion is **DENIED**. Further proceedings in this case are hereby **STAYED**, pending adjudication of Bionix's motion to dismiss currently pending

---

[2] Defendants argue in their reply brief that "the first to file rule should not be ignored here." (Doc. 14, p. 3). This Court does not ignore that rule, and finds that deferring to the Michigan court in connection with these threshold determinations is, in fact, appropriate adherence to that rule.

in the Western District of Michigan. The parties are hereby **ORDERED** to file a notice with this Court when the Western District of Michigan adjudicates that motion.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 24, 2006**